# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCHINDLER ELEVATOR CORPORATION, a Delaware corporation,  :  :  : | Case No. 1:20-cv-02079-CCC  Judge Christopher C. Conner |
| Plaintiff, : : | |
| v. : : | JURY TRIAL DEMANDED |
| MUROLET IP LLC, a Pennsylvania limited liability company, : : : | |
| Defendant. : | |

## SCHINDLER ELEVATOR CORPORATION'S CONSOLIDATED BRIEF IN SUPPORT OF ITS MOTION TO DISQUALIFY DEFENDANT'S COUNSEL GOLDBERG SEGALLA AND MOTION FOR EXPEDITED REVIEW AND DISPOSITION

Respectfully submitted,

/s/ Bridget E. Montgomery
Bridget E. Montgomery, Esq. (PA 56105)
ECKERT SEAMANS CHERIN & MELLOTT, LLC

Jon W. Gurka (admitted *pro hac vice*)
Joseph S. Cianfrani (admitted *pro hac vice*)
Karl Kowallis (admitted *pro hac vice*)
KNOBBE, MARTENS, OLSON & BEAR, LLP

Date: December 18, 2020

*Attorneys for Plaintiff, Schindler Elevator Corporation*

{L0979404.1}

## I.   INTRODUCTION

By its Motion to Disqualify (Dkt. 21), Plaintiff, Schindler Elevator Corporation ("SEC"), seeks to disqualify Defendant, Murolet IP LLC's ("Murolet") counsel, Goldberg Segalla, from representing Murolet in this litigation on the grounds that:  (1) Goldberg Segalla represents SEC in separate ongoing litigation in New York; (2) Goldberg Segalla represents Murolet directly adverse to SEC in this litigation; (3) SEC does not consent to Goldberg Segalla's representation adverse to SEC in this litigation; and (4) accordingly, Goldberg Segalla is ethically prohibited from representing Murolet directly adverse to SEC in this litigation.

Simultaneously herewith, SEC files a Motion for Expedited Review and Disposition of SEC's Motion to Disqualify (Dkt. 22) because despite SEC's written request over two weeks ago that Goldberg Segalla withdraw from representing Murolet in this litigation, Goldberg Segalla unreasonably failed to answer until earlier this week and then failed to provide a meaningful response regarding withdrawal.  Instead, Goldberg Segalla continues to represent Murolet here, including with respect to Murolet's pending Motion to Dismiss (Dkt. 17) and upcoming reply brief, which is due next Wednesday, December 23.  Accordingly, SEC is left in an untenable position of risk and reasonably believes Goldberg Segalla is continuing to represent Murolet in violation of its ethical obligations.

In a concise summary of the situation, more than one year ago, SEC engaged attorneys from the Goldberg Segalla firm to represent and advise it with respect to an ongoing litigation in New York. While that matter remained pending, on October 30, 2020, other Goldberg Segalla attorneys attempted to sue SEC's foreign parent for patent infringement in Texas. Those same Goldberg Segalla attorneys then filed an amended complaint for patent infringement in Texas on November 25, 2020 naming SEC's foreign parent holding company, Schindler Holding Ltd. On December 12, 2020, the same Goldberg Segalla attorneys appeared in this case to represent Defendant Murolet.

By representing Murolet in litigation directly adverse to its current client SEC, the Goldberg Segalla firm violated Pennsylvania Rule of Professional Conduct 1.7, which precludes an attorney from representing a client if it involves a concurrent conflict of interest, including the representation of one client that is directly adverse to another client, without the informed consent of both clients. The conflict here is clear and the Court should disqualify Goldberg Segalla from continuing to represent Murolet in this case.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Goldberg Segalla established an attorney-client relationship with SEC over a year ago and that attorney-client relationship is ongoing. Schultz Decl. ¶ 2,

attached to Motion to Disqualify.[1]  In that time, Goldberg Segalla attorneys represented SEC in several matters that continue to the present day.  *Id.* ¶¶ 2-6.  Specifically, SEC retained Goldberg Segalla attorneys Meghan Brown and Albert D'Aquino to represent it in connection with a New York state court litigation titled *Baum v. Javen Construction Co, Inc*.  *Id.*  Ms. Brown and Mr. D'Aquino represented SEC initially regarding a trial subpoena, and continuously thereafter to monitor the trial and act as lead counsel in the appeal.  *Id.*; *see Baum v. Javen Construction Co, Inc.,* Dkt. No. 20-00584 (N.Y. Sup. Ct. 2020).

Even though SEC was not a named party in the *Baum* case, SEC was and remains involved in that case because of an indemnity agreement between Defendant Javen Construction and SEC.  Schultz Decl. ¶ 4.  As a result, SEC has directed all aspects of the litigation and all actions of its counsel, Goldberg Segalla.

After the trial in the *Baum* case, Ms. Brown represented SEC as its lead appellate counsel.  *Id.* ¶¶ 5-6.  As shown in Goldberg Segalla's billing records (Schultz Decl. Ex. 1), the File Reference number for the appeal is 14115.0001, the same matter number used for the trial subpoena and trial monitoring matters.  Goldberg Segalla attorneys repeatedly discussed aspects of the *Baum* appeal with its client SEC.  Schultz Decl. ¶¶ 3-6.  For example, page 29 of Exhibit 1 includes

---

[1] There are two Declarations attached to SEC's Motion to Disqualify (Dkt. 21). The first is the Declaration of SEC in-house counsel Matthew Schultz, Esquire. The second is the Declaration of SEC outside counsel Jon Gurka.

an entry on August 3, 2020 from Ms. Brown that states in part: "Draft correspondence to *client*, Matthew Schultz, Esq….." Schultz Decl. Ex. 1 at 29 (emphasis added). Mr. Schultz is an in-house litigation attorney at SEC and he received emails from Ms. Brown as recently as December 1, 2020 in connection with her representation of SEC in the *Baum* appeal. Schultz Decl. ¶¶ 1, 6.

While continuously representing SEC in the ongoing *Baum* case, on October 30, 2020, different Goldberg Segalla attorneys filed a patent infringement action on behalf of a party named Murolet LLC against a party named Schindler Group AG in the Western District of Texas (the "Texas Action"). In that case, Goldberg Segalla attorneys accused SEC's Schindler 7000 elevator systems with PORT technology ("Accused Products") of infringing five patents. SEC is the company that markets and sells the Accused Products in the United States. On November 25, 2020, the same Goldberg Segalla attorneys filed an amended complaint on behalf of Murolet to name Schindler Holding Ltd., the foreign parent holding company of SEC, as the defendant. The same Goldberg Segalla attorneys, through local counsel, also filed a motion in the Texas Action seeking leave to serve SEC instead of Defendant Schindler Holding Ltd. Gurka Decl. Ex. 4, attached to SEC's Motion to Disqualify.[2]

---

[2] SEC will be filing a motion to disqualify the Goldberg Segalla firm from representing Murolet in the Texas Action. Goldberg Segalla's representation of Murolet in that case violates similar rules of professional conduct in Texas.

On November 9, 2020, SEC filed this declaratory judgment action against Murolet seeking a judgment of non-infringement by SEC's Accused Products with respect to the asserted patents. Dkt. 1 (Complaint). On December 2, 2020, Goldberg Segalla attorneys made appearances in this action and moved to dismiss SEC's complaint. (Dkt. 17.)

Goldberg Segalla attorneys represented Murolet in this action and the Texas Action directly adverse to its current client SEC in the *Baum* matters. That adverse representation has been without SEC's written consent. Schultz Dec. ¶ 7.

On December 3, 2020, SEC sent a letter to the Goldberg Segalla firm advising them of their violation of Pennsylvania Rule of Professional Conduct 1.7. Gurka Decl. Ex. 1. That letter demanded that Goldberg Segalla withdraw from all matters directly adverse to SEC and confirm that no confidential information of SEC had been disclosed to Murolet. SEC followed up in writing on December 14, 2020. *Id.*, Ex. 2. On December 14, 2020, Messr. D'Aquino, on behalf of Goldberg Segalla, sent an email indicating a letter would be forthcoming. *Id.*, Ex. 3. To date Goldberg Segalla has not provided any written assurances regarding withdrawal and protection of SEC's confidential information. Moreover, Murolet's reply brief in support of its motion to dismiss is due next Wednesday, December 23. SEC is highly concerned that Goldberg Segalla may be continuing to represent and advise Murolet with regard to that brief and the pending motion to dismiss. Failing to

withdraw from representing Murolet in this case after being notified more than two weeks ago, SEC had no choice but to bring this expedited motion to seek disqualification of the Goldberg Segalla firm.

### III.   QUESTIONS PRESENTED

(1)  Should the Goldberg Segalla firm be disqualified from continuing to represent Murolet IP LLC adverse to SEC in this matter where Goldberg Segalla has a pre-existing and ongoing attorney-client relationship with SEC in the *Baum* case?

(2)  Should the Court grant expedited review and disposition of SEC's motion to disqualify?

### IV.   ARGUMENT

Federal courts have the inherent power to supervise the conduct of attorneys practicing before them.  See *Malibu Media, LLC v. Doe*, No. 4:15-CV-2281, 2016 WL 6216142, at *2 (Conner, J.) (M.D. Pa. Oct. 25, 2016) (citing *United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980)).  The Middle District of Pennsylvania adopted the Pennsylvania Rules of Professional Conduct, setting standards for the ethical conduct of attorneys admitted to practice in the District.  LR 83.23.2; *Moeck v. Pleasant Valley Sch. Dist.*, No. 3:13CV1305, 2014 WL 3385124, at *1-2 (Munley, J.) (M.D. Pa. July 9, 2014).  Rule 1.7 of the Pennsylvania Rules of Professional Conduct states, in relevant part:

>(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
>>(1) the representation of one client will be directly adverse to another client; . . . .
>
>(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if: . . .
>
>>(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
>
>>(4) each affected client gives informed consent.

PA ST RPC Rule 1.7.

Goldberg Segalla violated its ethical and loyalty obligations to SEC and should be disqualified from representing Murolet in this case. Goldberg Segalla concurrently represents adverse clients as prohibited by Rule 1.7. Such adverse conflicts are not waivable. Even if they were waivable, Goldberg Segalla did not have SEC's consent to represent Murolet. Schultz Decl. ¶ 7. When a disciplinary rule prohibits an attorney's appearance in a case, disqualification is ordinarily the result. *United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980). That is the proper remedy here.

A. **Goldberg Segalla Violated Its Obligations Under The Pennsylvania Rules Of Professional Conduct By Representing Murolet Adverse To SEC**

Pennsylvania's Rules of Professional Conduct prohibit "the representation of one client . . . directly adverse to another client." PA ST RPC Rule 1.7(a)(1). Having different lawyers working with different clients does not absolve a firm of its ethical obligation to avoid conflicts, especially directly adverse litigation conflicts like the one that exists here. Lawyers "associated in a firm [shall not] knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rule[] 1.7 . . . ." PA ST RPC Rule 1.10(a).

Goldberg Segalla unquestionably represents SEC in the *Baum* case. Beginning approximately over a year ago in that case, Goldberg Segalla established an attorney-client relationship with SEC that continues to the present day. Schultz Decl. ¶¶ 2-6. Specifically, in connection with the *Baum* case, Goldberg Segalla represented SEC initially with respect to a trial subpoena, and continuously thereafter as appellate counsel for SEC. *Id.* ¶ 2. Goldberg Segalla's billing records show the extent of Goldberg Segalla's representation of SEC. Schultz Decl. Ex. 1. Goldberg Segalla referred to SEC's in-house counsel as its "client." *Id.* at 29.

Goldberg Segalla currently represents Murolet in this case directly adverse to SEC and Goldberg Segalla attorneys have moved to dismiss SEC's Complaint.

-8-

Dkt. 17. Accordingly, Goldberg Segalla represents Murolet adverse to its current client SEC in this case. As a result, Goldberg Segalla violated its duty of loyalty to SEC under the applicable Rules of Professional Conduct in Pennsylvania, and no exception to that conflict is present. *See* 204 Pa. Code § 1.7(a)(1).

## B. Disqualification Is The Appropriate Remedy For A Concurrent Conflict Of Interest

While SEC bears the burden to show that continued representation of both adverse parties would be impermissible, that burden is easily met here. *See Hesling v. Avon Grove S.D., et al.*, CA No. 02-8565, 2007 WL 1030096, at *2 (E.D. Pa. 2007); *Walsh v. Consolidated Design & Engineering*, CA No. 05-2001, 2008 WL 131135, at * 3 (E.D. Pa. January 14, 2008); *Shade v. Great Lakes Dredge & Dock*, 72 F. Supp. 2d 518, 520 (E.D. Pa. 1999).

The Third Circuit has held that a court should disqualify an attorney when it determines, on the facts of the particular case, that disqualification is an appropriate means of enforcing the applicable disciplinary rule. "Disqualification ordinarily is the result of finding that a disciplinary rule prohibits an attorney's appearance in a case." *Miller*, 624 F.2d at 1201. In determining whether disqualification of counsel is appropriate, the court must first consider whether any disciplinary rule has been violated and, if it has, determine if disqualification is an appropriate penalty. *Int'l Longshoremen's Ass'n, Local Union 1332 v. Int'l*

*Longshoremen's Ass'n*, 909 F. Supp. 287, 290 (E.D. PA. 1995); *Miller*, 624 F.2d at 1201.

Here, there can be no doubt as to the existence of an ongoing directly adverse conflict of interest, therefore disqualification is the proper remedy. *Pressman-Gutman Co. v. First Union National Bank*, 2004 WL 2743582 (E.D. Pa. 2004).  Moreover, SEC raised the clear and present conflict at the very outset of this case.  There can be no justification to allow Goldberg Segalla attorneys to represent Murolet in this case directly adverse to its current client SEC.

**C.     Expedited Review And Disposition Is Necessary to Protect SEC From Goldberg Segalla's Conflict of Interest in Representing Murolet Adverse to SEC's interests**

Despite SEC's reasonable efforts at resolving the conflict issue, Goldberg Segalla has not provided written assurances that it will withdraw from representing Murolet in this case.  Moreover, after more than two weeks, Goldberg Segalla has not withdrawn from representing Murolet in this case.  The present litigation is very active in view of Murolet's pending motion to dismiss (Dkt. 17).  As a result, SEC is highly concerned that Goldberg Segalla is continuing to represent Murolet and is apparently participating in Murolet's imminently due reply brief in support of the pending motion to dismiss.  SEC cannot stand by while its interests are compromised by the adverse representation against it being carried on by Goldberg

Segalla in this case. Therefore, SEC requests expedited review and disposition of its motion to disqualify the Goldberg Segalla firm from representing Murolet.

## V.  CONCLUSION

Goldberg Segalla has an existing conflict of interest because of concurrent client relationships with Murolet and SEC, who are directly adverse in this case. Because such concurrent representation is a clear violation of the Pennsylvania Rules of Professional Conduct, the court should disqualify Goldberg Segalla from continuing to represent Murolet in this action.

Respectfully submitted,

*/s/Bridget E. Montgomery*
Bridget E. Montgomery, Esq. (PA 56105)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
213 Market Street, Eighth Floor
Harrisburg, PA 17101
Phone: (717) 237-6054
Fax: (717) 237-6019

Jon W. Gurka (admitted *pro hac vice*)
Joseph S. Cianfrani (admitted *pro hac vice*)
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax: (949) 760-9502

|  |  |
|---|---|
|  | Karl Kowallis (admitted *pro hac vice*)<br>KNOBBE, MARTENS, OLSON &<br>BEAR, LLP<br>1155 Avenue of the Americas, 24th Floor<br>New York, NY 10036<br>Phone: (212) 849-3000<br>Fax: (212) 849-3001 |
| Date:  December 18, 2020 | *Attorneys for Plaintiff, Schindler Elevator Corporation* |

{L0979404.1}

## CERTIFICATE OF SERVICE

I certify that on the 18th day of December, 2020, I delivered a copy of the foregoing SCHINDLER ELEVATOR CORPORATION'S CONSOLIDATED BRIEF IN SUPPORT OF ITS MOTION TO DISQUALIFY DEFENDANT'S COUNSEL GOLDBERG SEGALLA AND MOTION FOR EXPEDITED REVIEW AND DISPOSITION via this Court's ECF System, which service satisfies the Federal Rules of Civil Procedure, addressed to all counsel of record.

/s/ Bridget E. Montgomery
Bridget E. Montgomery, Esquire

*Attorney for Plaintiff, Schindler Elevator Corporation*

34063368